**Maria Lilian CRUZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74544.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Alan R. Diamante, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Maria Lilian Cruz, a native and citizen of El Salvador, petitions for review of an

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order of the Board of Immigration Appeals affirming without opinion an Immigration Judge's ("IJ") denial of her motion to reopen an in absentia deportation proceeding. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We review for abuse of discretion the denial of a motion to reopen and we review de novo the interpretation of purely legal questions. *Id.* at 1187. We deny the petition for review.

Cruz admits that she was aware of an upcoming hearing, but did not contact the immigration court for eighteen years. Although Cruz contacted the government twice during the eighteen years to pursue other forms of relief, she failed to reveal her original alien registration number. The IJ properly determined that Cruz did not establish that the eighteen-year delay in filing the motion "was caused by circumstances beyond [her] control." *Socop–Gonzalez*, 272 F.3d at 1193.

As Cruz did not act with due diligence, she is not entitled to equitable tolling of her motion to reopen based on ineffective assistance of counsel. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (holding that "[t]his court ... recognizes equitable tolling ... on motions to reopen ... during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Cruz's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*